## MARY P. SELCHOW, Appellant, v. JASPER STYMUS, Respondent.

*Evidence — the rule that a stranger to a written agreement may show by parol that it does not express the true contract, does not apply when he claims through one of the parties to it, e. g., it does not apply to a mortgagee seeking to hold a subsequent grantee liable, on the ground that he assumed the payment of the mortgage by the terms of his deed.*

Appeal from a judgment in favor of the defendant, entered upon an order dismissing the complaint made at the circuit.

The plaintiff held a mortgage to secure the sum of $850 executed by Delos B. Smith. The premises were subject to a preceding mortgage given by the same party to secure the payment of $6,500. Smith conveyed the premises to Griffith, who by the terms of his deed was made to assume the payment of both these mortgages. Griffith afterwards entered into an agreement to convey the same property to the defendant; and he did so convey it subject to the amount unpaid on the preceding mortgage of $6,500, which by the terms of the deed the defendant was made to assume. But no such obligation was imposed upon him for the payment of the plaintiff's mortgage. To maintain the action, however, it was pro-

posed to be shown that the defendant had agreed to assume and pay her mortgage, either at the time when the formal contract for the sale of the property was made with him, or afterwards when a further statement was signed to the effect that the property was taken subject to the second mortgage of $850.

The court at General Term said: "From the testimony of the witnesses, by which this additional agreement was expected to be established, it appears to have been made, if it was made at all, before the formal agreement for the conveyance of the property was made. For that reason the evidence which was offered to prove the fact that the defendant had assumed the payment of the plaintiff's mortgage was rejected by the court, and the ruling which was made for that purpose is relied upon as erroneous because the plaintiff was not herself a party to the written agreement. In support of this position the authorities are relied upon which establish the principle that a stranger to a written instrument may, when his rights and interests require that to be done, prove by oral evidence the agreement to have been otherwise than as it may have been stated in the writing. (1 Greenl. [7th ed.], § 279; *McMaster* v. *Insurance Co., etc.,* 55 N. Y., 223, 234; *Brown* v. *Thurber,* 77 id., 613.) But this principle can afford the plaintiff no possible assistance, for in the claim made by her she is obliged to derive it through Griffith, who made the written contract with the defendant, and consequently she stands in privity with him. This principle does not permit a party sustaining such a relation to another to prove the agreement to have been different from the statement made of it in the writing executed and accepted by him. (*Eaton* v. *Alger,* 2 Keyes, 41, 45; *Coleman* v. *First Nat. Bank,* 53 N. Y., 388; *McMaster* v. *Insurance Co., supra,* 234.)

"By the agreement which Griffith entered into with the defendant for the sale of the property, the title was to be taken subject only to the first mortgage existing upon the land. It was in express terms agreed that it was to be taken subject only to the mortgage mentioned in the instrument, and otherwise it was to be free from any and all liens and incumbrances. The proof which was offered to support the plaintiff's case was in direct conflict with these stipulations, and as she claimed nothing beyond the rights she might be entitled to derive under the agreement as it was in

fact made with Griffith, she could not prove that these stipulations did not truly express the agreement he intended to enter into. Its terms were conclusive upon Griffith, and as she stood in privity with him, they were equally so as to herself "

*Thornton, Earl & Kiedl*, for the appellant.

*John A. Husted*, for the respondent.

Opinion by DANIELS, J.; DAVIS, P. J., and BRADY, J., concurred.

Judgment affirmed.